IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60601
Summary Calender
_____

THURMAN D. MULLINS,

                              Plaintiff-Appellant,

                    v.

SHERRY WALL, individually and in her official
capacity as Administrative Assistant and Safety
Coordinator, Physical Plant Department, The
University of Mississippi,

                              Defendant-Appellee,

THURMAN D. MULLINS,

                              Plaintiff,

                    v.

ROBIN BUCHANNON, in her individual capacity for
damages and in her official capacity for injunctive
relief; JOE SYMONS, in his individual capacity for
damages and in his official capacity for injunctive
relief; BUDDY KAHLER, in his individual capacity for
damages and in his official capacity for injunctive
relief,

                              Defendants,

* * * * * * * * * * *
_____

No. 00-60019
_____

THURMAN D. MULLINS,

                              Plaintiff-Appellant,

                    v.

ROBIN BUCHANNON, in her individual capacity for damages and in her official capacity for injunctive relief; JOE SYMONS, in his individual capacity for damages and in his official capacity for injunctive relief; BUDDY KAHLER, in his individual capacity for damages and in his official capacity for injunctive relief,

                                Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Mississippi
(1:97-CV-415-B-D)
_____
August 9, 2000

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, appellant Thurman D. Mullins ("Mullins") contests the district court's rulings dismissing his discrimination claims against appellee committee chair Sherry Wall ("Wall") and appellees committee members Robin Buchannan, Joe Symons, and Buddy Kahler ("the Committee") respectively. In his first cause of action, Mullins claimed that Wall caused the Committee to discriminate against him when she withheld negative information about Marion Vaughn ("Vaughn"), a female and the successful job applicant, that would have disqualified Vaughn from consideration for the job. In addition, Mullins asserted

_____

[*]     Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

that Wall stated that it "wouldn't be no problem to hire a female applicant," and that Wall lied about having obtained a glowing recommendation from Vaughn's former employer. In his second cause of action, filed before the district court dismissed the first, Mullins averred that the Committee discriminated against him by giving better numerical ratings to candidates less qualified than he.

The district court granted Wall's motion for summary judgment on August 12, 1999; it dismissed Mullins's case against the Committee on December 15, 1999. The district court concluded, in both rulings, that the defendants had articulated a legitimate, non-discriminatory reason for Mullins's failure to obtain the job: he was not as qualified as the other candidates. Indeed, Mullins ranked fifth out of six applicants for the job, and another male, Randy Bynum, was the highest ranked male who did not get the job. Because Mullins could not show that he would have received the job but for the discrimination, the district court granted summary judgment in the defendants' favor.

After a thorough review of the judgments appealed should be affirmed for essentially the reasons set forth by the district court.

AFFIRMED.

3